UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**CHAMBERS OF**
**BRENDAN A. HURSON**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-0782**
**MDD_BAHChambers@mdd.uscourts.gov**

August 22, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:   *Lisa N. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 21-1486-BAH

Dear Counsel:

On June 15, 2021, Lisa N. ("Plaintiff" or "Claimant") petitioned this Court to review the Social Security Administration's ("SSA" or "Commissioner" or "Defendant") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). I have considered the record in this case, the parties' cross-motions for summary judgment, and Plaintiff's reply. ECF 13, 18, 22. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Plaintiff's motion, DENY Defendant's motion, REVERSE the Commissioner's decision, and REMAND the case to the Commissioner for further consideration. This letter explains why.

## I.   PROCEDURAL BACKGROUND

Plaintiff filed Title II application for a period of disability and Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on November 26, 2018, alleging a disability onset of November 12, 2018. Tr. 276–89, 296–99. Plaintiff's claims were denied initially and on reconsideration. Tr. 136–48, 150–63. After a delay to secure representation, on February 11, 2021, an Administrative Law Judge ("ALJ") held a hearing. Tr. 40–64. Following the hearing, on March 1, 2021, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 12–38. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.  THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment

---

[1] 42 U.S.C. §§ 301 et seq.

Case 1:21-cv-01486-BAH   Document 23   Filed 08/22/22   Page 2 of 5

*Lisa N. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-1486-BAH
August 22, 2022
Page 2

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process used to evaluate a claimant's disability determination. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)) (citation omitted).

At step one the ALJ determined that Plaintiff has not engaged in substantial gainful activity since November 12, 2018. Tr. 18. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "[d]epressive disorder, an anxiety-related disorder, and posttraumatic stress disorder." *Id.* The ALJ also determined that Plaintiff suffered from the non-severe impairments of "diverticulosis," "hypertension," and "obesity." Tr. 18–19. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Par 404, Subpart P, Appendix 1." Tr. 19. Despite Plaintiff's impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: able to perform simple, routine tasks; able to interact with supervisors, co –workers, and the public on an occasional basis.

Tr. 23. The ALJ determined that Plaintiff was unable to perform past relevant work as a home health aide, DOT[2] Code 354.377, but could perform other jobs that existed in significant numbers in the national economy. Tr. 30–31. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 32.

### III.   LEGAL STANDARD

A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence. *Britt v. Saul*, 860 Fed. Appx. 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)).

---

[2] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Lisa N. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-1486-BAH
August 22, 2022
Page 3

Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019)). "It consists of 'more than a mere scintilla of evidence but may be somewhat less than a preponderance.'" *Id.* (quoting *Craig*, 76 F.3d at 589).

IV. <u>**ANALYSIS**</u>

Plaintiff argues that the ALJ "fail[ed] to comply with . . . *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015)." Pl.'s Br. 8, ECF 13-1. More specifically, Plaintiff avers that the ALJ correctly determined at step two that Plaintiff suffers a "'moderate' limitation in maintaining concentration, persistence, or pace" but erred in failing to "include a corresponding limitation to [Plaintiff's] RFC assessment, or explain why no such limitation is necessary." *Id.* at 11 (citations omitted). Defendant counters that the ALJ "thoroughly considered and discussed Plaintiff's mental health impairments and made clear why he found the RFC that he did." Def.'s Br. 5, ECF 18-1. Defendant argues in the alternative that any error on the ALJ's part was harmless because "Plaintiff has failed to show that remand is appropriate, because Plaintiff has failed to show that she actually has some work-related functional limitation for which the ALJ did not account." *Id.* at 7.

In *Mascio*, the Fourth Circuit ordered remand to the SSA "because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace." *McDonald v. Comm'r, Soc. Sec. Admin.*, No. CV SAG-16-3041, 2017 WL 3037554, at *3 (D. Md. July 18, 2017) (citing *Mascio*, 780 F.3d at 637–38).[3] In so doing, the *Mascio* court unambiguously held that "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Mascio*, 780 F. 3d at 638 (quoting *Winschel v. Comm'r, Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). "In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Talmo v. Comm'r, Soc. Sec. Admin.*, No. CIV. ELH-14-2214, 2015 WL 2395108, at *2 (D. Md. May 19, 2015), *report and recommendation adopted* (June 5, 2015) (citing *Mascio*, 780 F. 3d at 638).

The ALJ's analysis here is similarly flawed. Here, as in *Mascio*, the ALJ determined at step two that Plaintiff has a "moderate limitation" in "concentrating, persisting or maintaining

---

[3] The functional area of "concentration, persistence, or pace refers to the abilities to focus attention on work activities and stay on task at a sustained rate." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(E)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id.* As this Court has acknowledged, "[t]he regulations, however, offer little guidance on the meaning of 'moderate' limitations." *McDonald*, 2017 WL 3037554, at *3.

*Lisa N. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-1486-BAH
August 22, 2022
Page 4

pace." Tr. 21. The ALJ apparently tried to account for this limitation by modifying Plaintiff's RFC to the performance of "simple, routine tasks." Tr. 23.[4] As such, the only accommodation for Plaintiff's moderate limitation in concentration, persistence, and pace—confining Plaintiff to "simple, routine tasks"—was flatly rejected in *Mascio*. Thus, "unless the ALJ adequately explained why [Plaintiff's] moderate difficulties in concentration, persistence, or pace did not translate into a limitation in his RFC," *Mascio* suggests remand. *Talmo*, 2015 WL 2395108, at *2.

*Shinaberry v. Saul* also advises remand. 952 F.3d 113, 121 (4th Cir. 2020). In *Shinaberry*, the Fourth Circuit rejected "a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." *Id.* "On the contrary," the Court affirmed that remand is not required when an "'ALJ can explain why [a claimant's] moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation' in the claimant's RFC." *Id.* (citing *Mascio*, 780 F.3d at 638). Here, the ALJ limited Plaintiff's RFC to "simple, routine tasks," Tr. 23, but provides no explanation as to why the mental limitation accounted for Plaintiff's moderate limitations in her concentration, persistence or pace. *Shinaberry*, 952 F.3d at 122. Although the hypotheticals posed to the VE included a limitation to "simple routine tasks," Tr. 58–60, the ALJ failed to explain how the record supports a finding that Plaintiff could engage in such tasks despite Plaintiff's limitation in concentration, persistence, and pace, and also failed to "implicitly account" for Plaintiff's limitation. *Shinaberry*, 952. F. 3d at 121 (citing *Winschel*, 631 F.3d at 1180). Remand is required.

Defendant urges the Court to conclude that the ALJ adequately explained why no limitation to the RFC was required for Plaintiff's moderate limitation in concentration, persistence, or pace. Def.'s Br. 5, ECF 18-1. I disagree. The ALJ's RFC analysis lacks a "function-by-function analysis" that would illuminate Plaintiff's "ability to work" on a consistent and competitive basis. *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)). To be sure, the ALJ does make repeated references to Plaintiff's ability to go to the grocery store, do laundry, care for two dogs, drive a car, attend church services, and use public transportation. Tr. 20, 22, 25, 26, 27. However, the ALJ never explains *how* the performance of these tasks relates to Plaintiff's ability to concentrate, persist, and maintain pace at work or, more importantly, *why* the ability to perform these routine tasks means that Plaintiff's RFC should not be limited. In fact, the ALJ's analysis, or lack thereof, makes it impossible for me to even ascertain "the reason for the finding of moderate, as opposed to mild or no, limitation in the area of concentration, persistence, or pace." *McDonald*, 2017 WL 3037554, at *4. Therefore,

---

[4] The RFC also limited Plaintiff to "occasional" interactions with supervisors, co-workers, and the public." Tr. 23. However, this limitation only addressed Plaintiff's moderate limitation in "interacting with others," and thus is irrelevant to Plaintiff's argument related to concentration issues. Tr. 20; *see also Mary Elizabeth K. v. Comm'r, Soc. Sec. Admin.*, No. CV ADC-18-2925, 2019 WL 4917061, at *6 (D. Md. Oct. 3, 2019) (finding a restriction on interactions with supervisors, coworkers, and the public to correspond "with the ALJ's finding of moderate difficulties in interacting with others, but not concentration, persistence, or pace") (citation omitted).

...

*Lisa N. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-1486-BAH
August 22, 2022
Page 5

remand is appropriate to further develop the record.

As to the argument that the ALJ's error was harmless, I also disagree. Defendant argues that "Plaintiff identifies no evidence whatsoever that the ALJ did not consider or improperly considered, or that supports that a specific work-related limitation should have been included in the RFC and was not." Def.'s Br., 5, ECF 18-1. However, the issue before me is not whether the ALJ found a limitation in concentration, persistence, or pace—the ALJ clearly did—but whether the ALJ adequately explained why this limitation did not require a modification to Plaintiff's RFC. The ALJ failed in this regard and thus, I am unable to review the step five findings that Plaintiff retains the RFC to perform additional work.

"Pursuant to *Mascio*, once an ALJ has made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in her RFC assessment, or explain why no such limitation is necessary." *Talmo*, 2015 WL 2395108, at *3. Here, the ALJ did neither, so remand is required. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

## V.     CONCLUSION

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 13, is DENIED, and Defendant's motion for summary judgment, ECF 18, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge